# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JEFFREY ERNEST CZUPTA,**

        **Plaintiff,**

**v.**                                        **Case No:   6:16-cv-1579-Orl-GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

# MEMORANDUM OF DECISION

Jeffrey Czupta (the "Claimant") appeals to the District Court a final decision of the Commissioner of Social Security (the "Commissioner") denying his application for Disability Insurance Benefits ("DIB"). Doc. No. 1. Claimant argues that the Administrative Law Judge (the "ALJ") committed reversible error by: 1) failing to weigh a treatment note from Dr. Glenn I. Kolluri; and 2) applying improper legal standards when determining Claimant's credibility. Doc. No. 19 at 9-10, 14-17. Claimant requests that the Commissioner's decision be reversed and remanded for further proceedings. *Id.* at 20. For the reasons set forth below, the Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings.

## I.    PROCEDURAL BACKGROUND

On June 25, 2012, Claimant filed his DIB application alleging an onset date of August 15, 2011. R. 175. On October 15, 2012, Claimant's application was denied initially. R. 84. On May 17, 2013, Claimant's application was denied upon reconsideration. R. 91. On July 1, 2013, Claimant filed a request for hearing. R. 97. On February 17, 2015, Claimant attended a hearing before the ALJ. R. 30-56. On April 24, 2015, the ALJ issued an unfavorable decision. R. 11-23.

On May 12, 2015, Claimant requested review of the ALJ's decision. R. 5-7. On August 1, 2016, the Appeals Council denied Claimant's request. R. 1-4. On September 9, 2016, Claimant filed his appeal. Doc. No. 1.

## II.  STANDARD OF REVIEW

The Social Security regulations delineate a five-step sequential evaluation process for determining whether a claimant is disabled. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999) (citing 20 C.F.R. § 404.1520). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (citations and quotations omitted).

## III.  THE ALJ'S DECISION

At step two, the ALJ found that Claimant had severe impairments of benign brain tumors and migraine headaches. R. 13. Central to this case is the origin of Claimant's headaches. As noted

by the ALJ, the record contains a number of medical opinions as to whether Claimant's headaches are caused by his brain tumor. A September 14, 2011 treatment note from Dr. Rohit Khanna states that Claimant's MRI revealed "a mass in the right ambient and quadrigeminal cistern with some mild mass effect in the brain stem." R. 288. Dr. Khanna, however, was "not convinced that [Claimant's] headaches are related to this tumor although some of the symptoms could be from this mild mass effect that he has." R. 290. A September 29, 2011 treatment note from Dr. William Friedman states that Claimant's brain tumor "could very well be causing his severe headaches." R. 283. A May 16, 2012 treatment note from Dr. Kolluri states that Claimant's "headaches are intractable, chronic, and not responding to any of the usual medications …" R. 299. Dr. Kolluri stated: "I think [Claimant] needs to see a headache specialist at Shands Hospital in Gainesville for evaluation …" *Id.* Dr. Kolluri referred Claimant to a neurologist in Gainesville, Florida, Dr. Guangbin Xia, who in a February 22, 2013 treatment note stated that it is likely "[Claimant's] tumor is contributing to the headache." R. 378. Finally, in a January 23, 2015 headaches medical source statement, Dr. Dina Doolin, D.O. and Beth Patel, ARNP found that Claimant had severe headaches which are caused by an epidermoid tumor. R. 489.

At step four, the ALJ found that Claimant had the residual functional capacity ("RFC") to perform light work with certain exertional and nonexertional limitations. R. 15. The ALJ did not state the weight given to Dr. Kolluri's treatment note and the reasons therefor. R. 18. Instead, the ALJ found that the treatment note noted "normal neurological findings and indicate[d] only subjective complaints of ongoing headaches." *Id*. The ALJ also gave significant weight to the opinions of state agency non-examining reviewing physicians. R. 21.

The ALJ also made a determination on Claimant's credibility, finding that Claimant's "medically determinable impairments could reasonably be expected to cause the alleged

symptoms; however, [Claimant's] statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible …" R. 16. The ALJ gave the following reasons for her finding. First, other than symptom management, no further treatment had been recommended. R. 21. Second, Claimant's conditions appear to be satisfactorily managed with pain medications. *Id.* Third, the objective medical evidence does not suggest that Claimant is disabled and cannot work. *Id.* When making her third finding, the ALJ stated that "no specialist has confirmed that his tumor is causing [Claimant's] headaches." *Id.* Fourth, Claimant's activities of daily living are inconsistent with the severity of his alleged headaches. *Id.* Finally, "[d]espite being told that opiate medications could be the source of his issues by [Dr. Kolluri], [Claimant] did return to taking these type[s] of medications when offered by [Dr. Lee]." *Id.*

## IV. ANALYSIS

### A. Dr. Kolluri

On May 16, 2012, Dr. Kolluri completed a treatment note stating that Claimant's headaches are "intractable, chronic, and not responding to any of the usual medications." R. 299. The treatment note states that Dr. Kolluri has no further recommendations for Claimant's headaches other than having Claimant see a headache specialist. *Id.* At step four, the ALJ did not state the weight given to Dr. Kolluri's treatment note and the reasons therefor. R. 18. Instead, the ALJ found that Dr. Kolluri's treatment note noted "normal neurological findings" and indicated "only subjective complaints of ongoing headaches …" *Id.* Claimant argues that the ALJ committed reversible error by failing to weigh Dr. Kolluri's treatment note. Doc. No. 19 at 9-10. In response, the Commissioner questions whether Dr. Kolluri's treatment note is a medical opinion. *Id.* at 12. Furthermore, the Commissioner argues that the ALJ's error is harmless because Plaintiff has not identified any limitation that was not included in Claimant's RFC. *Id.* at 11.

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part in determining whether a claimant is disabled. In cases involving an ALJ's handling of medical opinions, "substantial-evidence review . . . involves some intricacy." *Gaskin v. Comm'r of Soc. Sec.*, 533 Fed. Appx. 929, 931 (11th Cir. Aug. 14, 2013).[1] In *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Id*. at 1178-79 (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Winschel*, 631 F.3d at 1179 (citations omitted). *See also MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (finding that a failure to state with particularity the weight given to medical opinions and the reasons therefor constitutes reversible error). An ALJ may not "implicitly discount" or ignore any medical opinion. *Winschel*, 631 F.3d at 1178-79; *MacGregor*, 786 F.2d at 1053; *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 962-63 (11th Cir. 2015) (finding that it is reversible error for the ALJ to fail to state weight given to a non-examining physician's opinion).

Contrary to the ALJ's characterization, Dr. Kolluri's treatment note contains diagnoses and judgments about the nature and severity of Claimant's headaches. R. 299. Thus, Dr. Kolluri's treatment note is a medical opinion, and the ALJ erred by not stating the weight given to it and the

---

[1] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

reasons therefor. *Winschel*, 631 F.3d at 1178-79. In *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983), the Eleventh Circuit held that an ALJ's misstatement of fact is harmless error if it does not affect the ALJ's conclusion. *See also Caldwell v. Barnhart*, 261 Fed. Appx. 188, 190 (11th Cir. 2008) ("[W]hen an incorrect application of the regulations results in harmless error because the correct application would not contradict the ALJ's ultimate findings, the ALJ's decision will stand"). Dr. Kolluri's treatment note states that Claimant's headaches are "intractable, chronic, and not responding to any of the usual medications." R. 299. The treatment note also states that Dr. Kolluri has no further recommendations for Claimant's headaches other than having Claimant see a headache specialist. *Id.* The ALJ's error is not harmless because the Dr. Kolluri's findings directly contradict a portion of the ALJ's credibility determination, namely her finding that Claimant's "conditions appear to be satisfactorily controlled by pain medications." R. 21. Thus, because the ALJ failed to state the weight given to Dr. Kolluri's treatment note and the reasons therefor, the Court finds that the case should be remanded for further proceedings.

### B. Claimant's Credibility

The ALJ found that Claimant's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Claimant's] statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible." R. 16. The ALJ found that: 1) other than symptom management, no further treatment had been recommended; 2) Claimant's conditions appear to be satisfactorily managed with pain medications; 3) the objective medical evidence does not suggest that Claimant is disabled and cannot work; 4) Claimant's activities of daily living are inconsistent with the severity of his alleged headaches; and 5) "[d]espite being told that opiate medications could be the source of his issues by [Dr. Kolluri], [Claimant] did return to taking these type[s] of medications when offered by [Dr. Lee]." R. 21.

Claimant argues that the ALJ erred in making her credibility determination because: 1) record evidence shows that Claimant's headaches are not satisfactorily managed by pain medications; 2) the ALJ improperly considered Claimant's activities of daily living; and 3) the ALJ improperly considered Claimant's use of opiate medications. Doc. No. 19 at 15-17.

In the Eleventh Circuit, subjective complaints of pain are governed by a two-part "pain standard" that applies when a claimant attempts to establish disability through subjective symptoms. By this standard, there must be: 1) evidence of an underlying medical condition or impairment; and 2) either objective medical evidence that confirms the severity of the alleged symptoms arising from the condition *or* evidence that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (citing *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). "20 C.F.R. § 404.1529 provides that once such an impairment is established, all evidence about the intensity, persistence, and functionally limiting effects of pain or other symptoms must be considered in addition to the medical signs and laboratory findings in deciding the issue of disability." *Foote,* 67 F.3d at 1561; 20 C.F.R. § 404.1529. Thus, once the first part of the pain standard is satisfied, the issue becomes one of credibility.

A claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability. *Id.* "If the ALJ decides not to credit a claimant's testimony as to her pain, [the ALJ] must articulate explicit and adequate reasons for doing so." *Id.* at 1561–62. A reviewing court will not disturb a clearly articulated credibility determination based on substantial supporting evidence in the record. *Id.* at 1562. The lack of a sufficiently explicit credibility determination may be grounds for remand if credibility is critical to the outcome of the case. *Id.*

### 1) Claimant's Headaches

The ALJ found Claimant's statements regarding his headaches not credible because his "conditions appear to be satisfactorily managed with pain medications." R. 21. Dr. Kolluri's treatment note, however, states that "headaches are intractable, chronic, and not responding to any of the usual medications …" R. 299. As noted above, the ALJ failed to weigh Dr. Kolluri's treatment note, which is critical to the issue of whether Claimant's headaches are satisfactorily managed with pain medications. *Id.*; *See also supra* pp. 4-6. Thus, because the ALJ failed to weigh a medical opinion that conflicts with the ALJ's finding that Claimant's "conditions appear to be satisfactorily managed with pain medications," the Court finds that this portion of the ALJ's credibility determination is not supported by substantial evidence.

The ALJ also found that "the objective evidence does not suggest [that Claimant] is disabled and cannot work." R. 21. When making this finding, the ALJ stated that "no specialist has confirmed that [Claimant's] tumor is causing his headaches." *Id.* Dr. Kolluri, however, referred Claimant to Dr. Xia, a neurologist who stated that it is likely "[Claimant's] tumor is contributing to the headache." R. 378. The ALJ did not state the weight given to Dr. Xia's treatment note and the reasons therefor or provide any other explanation for making her statement despite Dr. Xia's finding. R. 21. Thus, the ALJ misstated the record when determining Claimant's credibility because Dr. Xia, a neurologist, found that Claimant's tumor is likely the cause of his headaches. R. 378. Furthermore, the ALJ's misstatement is not harmless because the ALJ used the misstatement to support her credibility finding that the objective medical evidence does not suggest that Claimant is disabled and cannot work. R. 21. Thus, because the ALJ misstated the record when supporting her credibility finding, the Court finds that this portion of the ALJ's credibility determination is not supported by substantial evidence.

### 2) Opiate Medications

On September 21, 2011, Claimant presented to Dr. Kolluri with complaints of headaches. R. 309. Dr. Kolluri found that Claimant's chronic daily headaches are most likely due to his use of ibuprofen and narcotics. R. 310. Dr. Kolluri recommended that Claimant stop taking ibuprofen and narcotics "at this time." *Id.* More than two years later, on September 27, 2013, Claimant presented to Dr. Tse Lee with complaints of headaches. R. 419. Dr. Lee diagnosed Claimant with a cervical sympathetic nerve injury and prescribed a fentanyl patch for treatment. R. 421. On December 2, 2013, Claimant presented to Dr. Lee with continued complaints of headaches. R. 416. Claimant stated that he stopped taking his fentanyl patch because it made him nauseous. *Id.* Dr. Lee prescribed Percocet, an opiate medication, for Claimant's treatment of his cervical sympathetic nerve injury. R. 418.

The ALJ found Claimant's statements regarding his headaches not credible because "[d]espite being told that opiate medications could be a source of his issues by [Dr. Kolluri], he did return to taking these type[s] of medications when offered by [Dr. Lee]." R. 21. Thus, the ALJ found Claimant's statements regarding his headaches not credible because he failed to comply with Dr. Kolluri's recommendation to discontinue narcotics. *Id.* It is well-established that "where compliance with a prescribed course of treatment is at issue, the ALJ has a duty to fully investigate possible reasons for the alleged noncompliance." *Dinkins v. Astrue*, No. 3:11-cv-762-TEM, 2012 WL 1987307, at *6 (M.D. Ala. Jun 1, 2012) (citations omitted). Furthermore, "[i]n order to deny benefits on the ground of failure to follow prescribed treatment, the ALJ must find that had the claimant followed the prescribed treatment, the claimant's ability to work would have been restored." *Stewart v. Astrue*, 551 F.Supp.2d 1308, 1322 (N.D. Fla. 2008) (citing *Dawkins v. Bowen*, 848 F. F.2d 1211, 1213 (11th Cir. 1988)). Here, Dr. Kolluri found that Claimant's chronic daily

headaches are most likely due to his use of ibuprofen and narcotics and recommended that he discontinue his use of the same. R. 309. Claimant then presented to Dr. Lee with complaints of headaches more than two years after Dr. Kolluri's recommendation. 309-310, 416-418. Thus, it appears that Claimant's discontinued use of narcotics did not resolve Claimant's headaches. The ALJ, however, made no inquiry as to whether Claimant's discontinuance of narcotics was effective in treating Claimant's headaches, and the ALJ made no finding that Claimant's compliance with Dr. Kolluri's recommendation would restore Claimant's ability to work. R. 11-23, 30-56. *See also Dinkins*, 2012 WL 1987307 at *6; *Stewart,* 551 F.Supp.2d at 1322. Considering the foregoing, the Court finds that the portion of the ALJ's credibility determination regarding Claimant's noncompliance with Dr. Kolluri's recommendation is not supported by substantial evidence.[2]

The Court notes that Claimant challenges only certain portions of the ALJ's credibility determination. Doc. No. 19 at 15-17. While some of the ALJ's reasons supporting her credibility determination may be supported by substantial evidence, two critical portions are not, and thus remand is warranted. *Wolfe v. Comm'r of Soc. Sec*., No. 6:11–cv–1316–ORL–DAB, 2012 WL 3264916, at *6 (M.D. Fla. Aug. 10, 2012); *Himes v. Comm'r of Soc. Sec*. 585 F. App'x 758, 767 (11th Cir. 2014) (finding reversible error based on an ALJ's partially erroneous credibility rationale). Accordingly, the Court finds that the case should be remanded for further proceedings.

---

[2] Because the aforementioned issues are dispositive, there is no need to address Claimant's other arguments. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (per curiam) (no need to analyze other issues when case must be reversed due to other dispositive errors). Nevertheless, the Court notes that when considering Claimant's activities of daily living, the ALJ considered activities of short duration, such as driving, performing basic housework, shopping, cooking, watching television, and using a computer. R. 21. Courts have held that is improper for the ALJ to consider basic activities of daily living that are of short duration. *See Lewis v. Callahan*, 125 F.3d 1436, 1441 (11th Cir. 1997) ("[n]or do we believe that participation in everyday activities of short duration, such as housework ... disqualifies a claimant for disability..."). *See also Wolfe v. Comm'r of Soc. Sec.*, No. 6:11–cv–1316–ORL–DAB, 2012 WL 3264916, at *6 (M.D. Fla. Aug. 10, 2012) ("while an ALJ can consider reports of vigorous daily activities as evidence that a claimant is capable of such activity, no vigorous activity is identified here"). Thus, on remand, the ALJ should determine whether Claimant engages in any vigorous daily living activities that conflict with Claimant's alleged impairments.

## V. CONCLUSION

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings pursuant to sentence four of Section 405(g); and

2. The Clerk is directed to award judgment in favor of Claimant and to close the case.

**DONE and ORDERED** in Orlando, Florida on November 29, 2017.

*[Signature]*
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

Richard A. Culbertson
Suite E
3200 Corrine Drive
Orlando, FL 32803

John F. Rudy, III
Suite 3200
400 N Tampa St
Tampa, FL 33602-4798

Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303-8920

The Honorable Teresa J. McGarry
Administrative Law Judge
c/o Office of Disability Adjudication and Review
Desoto Building #400
8880 Freedom Crossing
Jacksonville, FL 32256-1224